UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCUS B. HARRIS,
    a/k/a Marzuq Al-Hakim,

    Plaintiff,

v.                                        CASE NO. 8:17-cv-2423-T-23AEP

WARDEN JENNIFER FOLSOM,

    Defendant.
_____/

**O R D E R**

Harris's civil rights action was dismissed under 28 U.S.C. § 1915(g) because he has three or more earlier actions that were dismissed as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted . . . ." Also, the earlier order (Doc. 3) discussed both the lack of merit and the absence of his "imminent danger of serious physical injury" as an exception to Section 1915(g).[*] Harris moves (1) to re-open the case; (2) for a rehearing or to alter or amend the judgment under Rule 59(e), Federal Rules of Civil Procedure; and (3) for a copy of cases. (Docs. 4–6) Lastly, addressing the circuit court, Harris petitions for the writ of mandamus. (Doc. 7)

---

[*] Harris averred that on October 2, 2017, a maintenance crew used a gas saw outside his housing area and caused "carbon monoxide smoke" to enter his cell.

Rule 59(e), Federal Rules of Civil Procedure, authorizes a motion to alter or amend a judgment after the judgment's entry. "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (*quoting In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). The decision to alter or amend a judgment under Rule 59(e) "is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). A party seeking reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993).

The decision to alter or amend a judgment is an "extraordinary remedy." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d at 1343 (*quoting Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (brackets original)). Harris's Rule 59(e) motion reiterates the allegations in his motion for a preliminary injunction. Harris neither asserts an intervening change in controlling law nor demonstrates a manifest error of law or fact resulting from the dismissal of his motion. *See Arthur v. King*, 500 F.3d at 1343.

Harris presents no basis warranting reconsideration of the earlier order. Although he is correct that "carbon monoxide smoke can take human life if exposed for a period of time," Harris fails to show that his exposure to carbon monoxide was sufficiently protracted and the carbon monoxide so concentrated and his options for respiration so limited that he was exposed to a serious likelihood of serious injury. The motions (1) to re-open the case, (2) for a rehearing or to alter or amend the judgment under Rule 59(e), Federal Rules of Civil Procedure, and (3) for a copy of cases (Docs. 4–6) lack merit.

Lastly, addressing the circuit court, Harris petitions (Doc. 7) for the writ of mandamus and expresses his dissatisfaction with the way the underlying motion for injunctive relief was established as a new action. Harris's earlier civil rights action (8:17-cv-2301-T-17AAS), which alleged the unconstitutional infringement on his religious freedoms, was dismissed without prejudice under the "three strikes" provision of Section 1915(g). The present action commenced with Harris moving in the earlier closed case for a preliminary injunction. The district judge in the closed case ordered the opening of a new case for the motion. The petition for the writ of mandamus is based on Harris's disagreement with assigning a new case number and randomly assigning a district judge for the underlying motion for a preliminary injunction. Harris filed the same petition for the writ of mandamus in the earlier closed case (Doc. 17 in 17-cv-2301), which request was denied. Although addressed to the circuit court, to the extent that the district court might have jurisdiction, the

petition for the writ of mandamus is **DENIED**.  (Doc. 7)   Also, Harris's motions (Docs. 4–6) are **DENIED**.

ORDERED in Tampa, Florida, on February 12, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE